*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-CT-523

DARRELL ANDREWS, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(CDC-15416-16)

(Hon. Gregory B. Jackson, Trial Judge)

(Submitted May 2, 2019                    Decided August 15, 2019)

*Nigel A. Barrella* was on the brief for appellant.

*Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. AliKhan*, Solicitor General, *Rosalyn Calbert Groce*, Deputy Solicitor General, and *John W. Donovan*, Assistant Attorney General, were on the brief for appellee.

Before FISHER and EASTERLY, *Associate Judges*, and NEBEKER, *Senior Judge*.

NEBEKER, *Senior Judge*:  Appellant Darrell Andrews challenges his convictions of possession of an unregistered firearm and unlawful possession of ammunition.  He argues that the trial court erred in denying his motion to suppress evidence that was obtained pursuant to a warrant to search his home.  Because the

warrant was issued without probable cause and the police's reliance on the warrant was objectively unreasonable, the trial court should have suppressed the firearm and ammunition found at appellant's home. Despite the arguments of the District of Columbia Office of the Attorney General to the contrary, we reverse both the order and the convictions.[1]

## I.

Appellant's brief accurately states the facts essential to our decision: A Superior Court judge issued a warrant to search the premises at 3518 6th Street, S.E., #6, in Washington, D.C., for evidence of illegal firearms. The warrant was issued on the basis of an application that included an affidavit from Metropolitan Police Department (MPD) Officer Tony Covington. The officer-affiant stated that he "received information in reference to a YouTube[2] video," depicting "multiple

---

[1] Because we reverse based on the warrant's invalidity, we do not reach appellant's claim that the trial court erred by denying a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

[2] YouTube (www.youtube.com), launched in December 2005, is a website that "permits users to 'upload' and view video clips free of charge." *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 28 (2d Cir. 2012). Over the years, YouTube has rapidly gained prominence and profitability. *Id.* As of May 2019, YouTube reports that it has over one billion users, that one billion hours of videos are watched on YouTube every day, and that its mobile site alone reaches more 18- to

(continued . . .)

individual [sic] displaying handguns" that appeared "to be operable." The officer-affiant recognized the location of the video as a parking lot at the 3500 block of 6th Street, S.E. He also identified one of the individuals in the video as Andre Becton.

The affidavit continued:

> Your affiant has checked multiple databases and was able to determine 3815 6th St #6 SE [sic]. A firearms registration check revealed Andre Becton does not have a current registration for a firearm at 3815 6th St #6 SE. Your affiant has received corroborating information from several sworn MPD members as to the identification and residence of Andre Becton.

The officer-affiant concluded that he knew from his training and experience that people with illegal firearms tend to store them and related items at their homes, and requested a search warrant to search the premises at "3815 6th St #6 Southeast, Washington, D.C." As appellant notes, the address in the affidavit (3815 6th Street) did not match appellant's address listed in the warrant (3518 6th Street) and does not exist in the District; the affidavit fails to directly state that Andre Becton was associated with the stated address; and it only vaguely refers to "multiple databases" and "corroborating information from several sworn MPD members" to justify the request to search the stated address.

---

(. . . continued)
34-year-olds in the United States than any television network. YOUTUBE, https://www.youtube.com/intl/en-GB/yt/about/press (last visited May 20, 2019).

The police executed the search warrant at 3518 6th Street and found a semi-automatic .45 caliber handgun loaded with one round of ammunition, as well as mail in appellant's name. The police arrested appellant, who was in the apartment at the time of the search. Appellant was then charged by information with possession of an unregistered firearm, in violation of D.C. Code § 7-2502.01(a) (2012 Repl.), and unlawful possession of ammunition, in violation of D.C. Code § 7-2506.01 (2012 Repl.).

In November 2016, appellant moved to suppress evidence obtained from the search, arguing that the warrant's supporting affidavit failed to demonstrate probable cause that evidence of illegal firearms would be found at his address. At a hearing on April 26, 2017, the trial court denied appellant's motion. A stipulated trial immediately followed, where the trial judge found appellant guilty of both charges, and sentenced him to a suspended period of 180 days' incarceration on each count, to run concurrently, and one year of supervised probation.

## II.

The Fourth Amendment to the Constitution of the United States requires warrants to be issued on "probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The warrant and supporting affidavit in this case are replete with errors as to the address to be searched. The warrant is also based on vague and imprecise information not supporting probable cause to issue it in the first instance.

In reviewing a search warrant's validity, we "consider only the content of the supporting affidavit," and defer to the judicial decision to issue a warrant "so long as there is a substantial basis for concluding the existence of probable cause." *Chavez-Quintanilla v. United States*, 788 A.2d 564, 567 (D.C. 2002). In deciding whether to issue a search warrant, the issuing judge's task is to consider the totality of the circumstances presented in the supporting affidavit and "make a practical, common-sense decision" whether there is a "fair probability" that evidence of a crime would be found in the particular place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing judge must make an independent assessment about the existence of probable cause; the decision to issue a warrant "cannot be a

mere ratification of the bare conclusion of others." *Id.* at 239; *see also Parsons v. United States*, 15 A.3d 276, 279-80 (D.C. 2011). Thus, our duty as a reviewing court is "to conscientiously review the sufficiency of affidavits on which warrants are issued," to ensure that the issuing judge had a substantial basis for finding probable cause. *Gates*, 462 U.S. at 239.

If a search warrant was issued without probable cause, we consider separately whether evidence obtained from the unlawful search should have been excluded from the prosecutor's case-in-chief. *See United States v. Leon*, 468 U.S. 897, 906, 922 (1984). Exclusion of evidence is a "prudential rather than constitutionally mandated" remedy, which applies only when the benefits of deterring police misconduct outweigh its "substantial social costs." *Blair v. United States*, 114 A.3d 960, 970 (D.C. 2015) (quoting *Pennsylvania Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363 (1998)). Exclusion is appropriate when the officers conducting the search could not have reasonably relied on the issuing judge's probable-cause determination, such as when the supporting affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (citation omitted).

The warrant's supporting affidavit in this case did not provide a sufficient basis to search appellant's address. The target of the police's investigation was Andre Becton, but the officer-affiant presented no valid reason to believe that Andre Becton was connected to appellant's address at 3518 6th Street, S.E., #6. As noted, the warrant authorizes a search of appellant's address at 3518 6th Street, but the affidavit speaks of 3815 6th Street. We cannot know whether the 3815 6th Street address – stated multiple times in the affidavit – was a typographical error by the officer-affiant, and cannot properly uphold the Fourth Amendment if we simply assume that the affidavit contained a harmless transposition of numbers.

Moreover, the affidavit is so conclusory that it does not even establish probable cause to search the stated address. The only support that the officer-affiant provided for his belief that Andre Becton lived at the stated address was an incomplete sentence that he "checked multiple databases and was able to determine 3815 6th St #6 SE [sic]," and that he "received corroborating information from several sworn MPD members" as to Andre Becton's residence. These statements lack the specificity required under the Fourth Amendment to supply probable cause to search the stated address.

First, it is unclear what the officer-affiant "determined" about the address. The affidavit never directly says that Andre Becton resided at the address or was otherwise associated with it. Also, the affidavit provides no specifics regarding the "multiple databases" or the "corroborating information" that led the police to believe that Andre Becton was connected to the stated address. For an issuing judge to independently determine the existence of probable cause, an affidavit must contain sufficient facts to allow an assessment of the nature and reliability of the information on which the police relied to justify their request to search a particular place. *See Parsons*, 15 A.3d at 279-80. Here, there is no explanation of what the "multiple databases" were, what the "corroborating information" was, who provided it, how or when it originated, or how it was obtained. Without any such explanation, the issuing judge was unable independently to assess whether there was probable cause to search the stated address. The use of the word "sworn" adds nothing to the needed specificity of the warrant application. By finding probable cause based on the affidavit's conclusory statements, the issuing judge failed to perform a "neutral and detached" role required by the Fourth Amendment. *Bynum v. United States*, 386 A.2d 684, 686 (D.C. 1978) (quoting *Aguilar v. Texas*, 378 U.S. 108, 111 (1964)).

The government argues that, even if the warrant lacked probable cause, exclusion is inappropriate because the officers conducting the search acted in objectively reasonable reliance on the warrant's validity. It is true that, ordinarily, the police may rely on warrants and cannot be expected to question the issuing judge's finding of probable cause. *Leon*, 468 U.S. at 921. But we cannot say that this is an ordinary case. By utterly failing to connect Andre Becton to appellant's address, the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923 (citation omitted). Thus, the police could not have acted in objective good faith in relying on the warrant to search the stated address, and the trial court should have suppressed evidence obtained pursuant to the search warrant.

**III.**

Accordingly, we reverse the denial of the motion to suppress and appellant's convictions.

*Reversed.*